```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| **LAFAYETTE LINEAR,** | |
| Plaintiff, | |
| v. | Case No. 15 C 7653 |
| **VILLAGE OF UNIVERSITY PARK, ILLINOIS,** an Illinois Home Rule Municipality, and **VIVIAN COVINGTON,** Mayor of UNIVERSITY PARK, IL, | Judge Harry D. Leinenweber |
| Defendants. | |

## ORDER

Defendants' Motion for Summary Judgment [ECF No. 31] is granted. Plaintiff's Motion for Summary Judgment [ECF No. 36] is denied. Counts II and III of Plaintiff's Complaint are dismissed as lacking federal jurisdiction.

## STATEMENT

The Plaintiff, Lafayette Linear ("Plaintiff") was employed by the Defendant, Village of University Park ("Village") as its Village Manager. On June 3, 2011, Plaintiff entered into a written employment contact with the Village as Village Manager. The term of the agreement was four years at an annual salary of $100,000.00 per year. The contract by its terms terminated in May 2015. During the contract's term, he received periodic COLA raises so that on May 15, 2015 his salary was $128,835.00 per year. He could be terminated without cause only pursuant to

notice, an opportunity to be heard, and a majority vote of the Village Board. If he was terminated without cause, he was entitled to severance pay amounting to six months' pay at his regular salary at termination.

In October 2014, the Village and Plaintiff entered into an amendment to Plaintiff's original contract which was to commence on the expiration of the current contract, and extended his position, salary and benefits to June 30, 2016. This extension was ratified by Ordinance enacted on October 28, 2014.

The Board of Trustees has the power to hire and fire the Village Manager. The Board was made up of six trustees and the mayor. Each of them served for a term of four years. A quorum of the Board consisted of four members. The Mayor and four members of the Board of Trustees were up for re-election in April, 2015, and all were successfully re-elected. The new terms including the term for the mayor, were to commence on May 15, 2015.

The Board held a special meeting on May 16, 2015 at which a quorum was present. The Plaintiff was present at the special meeting but was not allowed to speak. During the special meeting the Board resolved into executive session to consider whether to terminate Plaintiff. The vote was unanimous to do so. Plaintiff was not allowed to be present at the executive session, nor was he represented. The mayor had previously

stated her desire to see Plaintiff terminated. He was officially notified of his termination by letter dated May 26, 2015.

Following his termination, Plaintiff filed a three count Complaint against the Village and the Mayor, Vivian Covington, the latter in her official capacity. Count I, Section 1983, alleging violation of his civil rights under the due process clause of the United States Constitution and the Illinois Constitution; Count II, breach of contract and failure to give notice under Illinois law; and Count III, violation of the Illinois Wage Payment and Collection Act. The parties have filed Cross-Motions for Summary Judgment.

The gravamen of Plaintiff's case is his contention that the Defendants gave him, neither a pre termination hearing, nor a post termination hearing, prior to firing him. The Defendants argue, in return, that Plaintiff's Section 1983 claim fails because Illinois law provides for an effective post termination remedy in the form of Administrative Review. Defendants also argue that Plaintiff's due process claim fails because he does not have a valid and enforceable contract so that he has no property interest in continued employment. The basis for this argument is that the Illinois Municipal Code does not allow a municipality to enter into a contract with an employee such as a Village Manager, for a term of office that exceeds the term of

mayor or the president of the municipality and Plaintiff's one year extension contract was to commence after the Mayor's term ended. 65 ILCS 3.1-30-5 and 65 ILCS 5/8-1-7, and *Walters v. Village of Colfax,* 466 F.Supp.2d 1046 (C.D. Ill 2006).

The Plaintiff's responds to this last argument by pointing out that University Park is a home rule municipality with "additional powers," apparently arguing therefore that Sections 3.1-30-5 and 5/8-1-7 do not apply to it. However he does not cite to any statutory provision or case law which would excuse University Park from the contractual limitations imposed by these provisions of the Illinois Municipal code.

The *Walters* case is on point. In that case the plaintiff, the chief of police of defendant, Village of Colfax, had entered into a ten year employment contract with the Village in 2002. The mayor's term of office was set to expire in April 2005. In 2004 the mayor resigned and another individual was appointed by the board to serve out the mayor' term. The plaintiff was terminated by the new mayor. The defendants took the position that the contract was *ultra vires* because its term exceeded the term of the mayor and was therefore *void ab initio.* The plaintiff took the position that there was a severance clause in the contract, and therefore his contract was legal at least through the unexpired portion of the mayor's term. The District Court, relying on *Grassini v. DuPage Township,* 279 Ill. App. 3d

614 (3rd Dist. 1996), held that the police chief's contract was unenforceable even up to the end of the original mayor's term, because the contract was *void ab initio*.  In *Grassini,* The Illinois Appellate Court interpreted a similar provision contained in the State of Illinois Township Code that limited contracts to a statutory limit of one year, made contracts extending beyond one year unenforceable as *ultra vires.*

Therefore, the Court finds, based on Illinois law, that the one year extension of Plaintiff's employment executed in 2014, even though entered into during the mayor's term but was to be executed after her term expired, is *ultra vires* and null and void.

Plaintiff argues that the contract under the facts here is not void because a contrary result would give an "Unconscionable advantage over the other party," citing *Stahelin v. Board of Education,* 230 N.E.2d 465, 472 (2nd Dist. 1967).  Here the Plaintiff is arguing a form of estoppel against the Village. In *Stahelin,* a building contractor had not obtained written authority for certain extra work which the District had requested and the plaintiff had performed.  The statutory provision in question required a school board to vote on all expenditures and since the extras were not part of any written contract that was authorized by the Board, the Board argued, the contractor could not recover them.  The Appellate Court held

that school districts are subject to estoppel in the proper case and where the Board accepted the benefits of the work which the plaintiff had performed, it would be unconscionable to allow it to escape payment because the Board had violated the school code by not requiring the extras to be in writing and put to a vote.

This case does not help Plaintiff because the Defendants pulled the plug on his term of office before he performed any work under the contract extension. If Defendants had allowed Plaintiff to continue work under the extension, and then argued that the contract was *ultra vires* to avoid paying him, estoppel might well be available to him, but that was not the case here.

The Court therefore finds that the contract extension executed on October 14, 2014 was *ultra vires* and therefore void and of no effect. Since Plaintiff's 1983 claim in Count I rests on the alleged deprivation of property without due process, it was incumbent upon Plaintiff to establish a protectable property interest in continued employment. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 571 (1972). This could be established by express or implied contracts, municipal ordinances or state laws. *Farmer v. Lane,* 864 F.2d 473, 478 (7th Cir. 1988). However since Plaintiff's extension contract was void, he is left without any protectable property interest in continued employment. Since the Court has found no protectable property interest in continuing employment, the

Motion for Summary Judgment of the Defendant is granted and the Motion for Summary Judgment of the Plaintiff is denied. The Court does not, therefore, need to determine whether the Plaintiff received all of the process that was his due, had the extension contract been valid.

With respect to the state law claims of Counts II and III, normally both of these causes of action require an underlying contract. However, the Plaintiff is claiming six month's severance which was provided in both his original contract and the extension contract. Neither of the parties discussed in any detail whether the Plaintiff has been paid severance or is entitled to severance in any detail. Illinois law takes the position that severance is a form of deferred pay as long as it is part of the employment agreement, *i.e.,* agreed to in advance and not at the time of termination. *Village of Oak Lawn v. Faber,* 880 N.E.2d 659,672 (1st Dist. 2007). Since the issue of severance is a state law issue, the Court will dismiss Counts II and III as lacking federal jurisdiction.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: April 5, 2017